10 F.3d 806
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ronald G. PERRY, Plaintiff-Appellee,
and
A. Douglas McKee, Plaintiff,
v.
Woodroe LOWE, individually and in his capacity as Assessor
of Logan County, West Virginia,
Defendant-Appellant,
and
The County Commission of Logan County, a statutory
corporation, Defendant.
 No. 93-1376.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 28, 1993.
Decided: November 22, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.
 Elliot Gene Hicks, Kay, Casto, Chaney, Love & Wise, Charleston, West Virginia, for Appellant.
 Timothy Richard Conaway, Madison, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WILKINS and LUTTIG, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 In this Section 1983 action, appellant Woodroe Lowe appeals from a jury verdict awarding appellee Ronald G. Perry compensatory and punitive damages for Lowe's failure to rehire Perry to his job in the Logan County Assessor's Office because of Perry's political associations, in violation of the First Amendment. We affirm.
 
 I.
 
 2
 From 1985 to 1988, Perry worked in the Logan County Assessor's Office under the then-Assessor, Tom Godby. See J.A. at 173. In 1988, Lowe defeated Godby in the Democratic primary election for Assessor; in that election, Perry served as one of Godby's precinct captains. See id. at 188-89. After taking office on January 1, 1989, Lowe discharged thirteen workers in the Assessor's Office, including Perry. See id. at 73. Although Lowe claimed that the Office did not have enough money to pay the discharged workers, see id., he subsequently hired his cousin, his sister, his son-in-law, the sister-in-law of the Chairman of the Logan County Democratic Party, and the wife of the Democratic mayor of a Logan County municipality, among others. See id. at 81-97. Perry, however, was not rehired, despite, as he testified, having sought employment personally from Lowe on several occasions. See id. at 192-94.
 
 
 3
 At the time of his discharge, Perry's wife was suffering from leukemia. See id. at 185. In the months that followed, Perry was unable to maintain the medical insurance that he had obtained through his job at the Assessor's Office. See id. at 186-87. As a result, he accumulated unpaid medical and hospital bills totalling over one hundred thousand dollars. See id. at 187.
 
 
 4
 On November 23, 1990, Perry sued Lowe in the United States District Court for the Southern District of West Virginia. He alleged that Lowe, acting under color of state law, had violated his First Amendment rights of free speech and association by firing and failing to rehire him because of his election support for Godby. After trial, the jury, answering special interrogatories, found that Perry's "political beliefs or associations were a substantial or motivating factor causing ... Lowe not to rehire" Perry, id. at 637, and that Lowe had not proven that "there was a legitimate business reason for his decision." Id. at 638.[1] On the interrogatory form, the jury awarded Perry $23,383.00 in lost income and benefits, $135,769.38 in hospital expenses not covered by insurance, $50,000.00 for emotional distress, and $10,000.00 in punitive damages. See id.
 
 
 5
 On appeal, Lowe raises a series of issues. He claims that the jury verdict was against the weight of evidence, because Perry's constitutionally protected political activity was insignificant and because Perry failed to apply for rehiring in the prescribed manner of mailing in his resume. Lowe next challenges the award of medical expenses not covered by insurance, stating that the proper measure of damages should have been the premiums that would have been paid had Perry remained employed. Lowe also argues that the damage awards for lost income and benefits, emotional distress, and punitive damages were against the weight of evidence and speculative, and that Perry failed to prove that he had mitigated his damages as required by law. Finally, Lowe claims that he suffered from the prejudicial impact of a criminal trial of another Logan County official that was being held simultaneously with his own.
 
 
 6
 We find Lowe's contentions to be meritless. The evidence presented at trial was clearly sufficient to sustain the jury's verdict, and we therefore decline Lowe's invitation to reweigh the testimony heard by the jury. Lowe has made a stronger case in regard to the jury's awards for emotional distress and punitive damages. However, upon review of the entire record, we conclude that the evidence supporting those awards was minimally sufficient. Lowe failed to object to jury instructions permitting a damage recovery for medical expenses not covered by insurance, see id. at 570, 577, and therefore forfeited this argument on appeal. See Fed. R. Civ. P. 51 ("No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection.").[2] Lowe's other arguments do not make out a showing of reversible error. The judgment of the district court is, therefore, affirmed.
 
 AFFIRMED
 
 
 [1]
 The jury did not find that Perry was fired because of his political activity
 
 
 [2]
 Lowe has not argued persuasively that his case should fall under the "miscarriage of justice" exception to Rule 51 forfeitures. See, e.g., City of Richmond, Va. v. Madison Management Group, Inc., 918 F.2d 438, 454 n.14 (4th Cir. 1990); Duty v. East Coast Tender Service, Inc., 660 F.2d 933, 942 (4th Cir. 1981)